IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| FUNDAMENTAL INNOVATION SYSTEMS INTERNATIONAL LLC,<br><br>Plaintiff,<br><br>v.<br><br>LENOVO (UNITED STATES), INC.; LENOVO HOLDING COMPANY INC.; LENOVO GROUP LTD., and MOTOROLA MOBILITY LLC,<br><br>Defendants. | C.A. No. 20-551-CFC<br><br>JURY TRIAL DEMANDED |

## MEMORANDUM ORDER

The parties in this patent case have jointly requested "leave to present an early summary judgment motion to the Court." D.I. 64 at 1. The parties say that resolution of the legal issue they wish to present in the motion "will clarify the scope of damages potentially at issue in the case and further the parties' settlement discussions." D.I. 64 at 1.

As a general rule, I do not allow for an early summary judgment motion unless the resolution of the motion would be case dispositive and the party seeking to file the motion agrees that it cannot file any other summary judgment motions. In light of my case load, which approaches 600 civil cases (including 300 patent cases), and based on my own experiences as a judge and the experiences of other judges who sit and have sat on this Court, I have determined that without these two

conditions early summary judgment motion practice is not an efficient use of my time and efforts. I see no reason to depart from my general rule here.

The parties also state in their letter that "[i]f the Court would prefer, the parties [will] consent to the motion being referred to Magistrate Judge Burke for a report and recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)." D.I. 64 at 1. But I neither prefer nor need the parties to consent to the referral of a summary judgment motion to a magistrate judge for a report and recommendation. Referrals of matters to a magistrate judge pursuant to § 636(b)(1)(B) do not require the parties' consent. And the sad reality in patent cases filed in this district is that a referral of a summary judgment motion pursuant to § 636(b)(1)(B) inevitably results in objections to the magistrate judge's report and recommendation, which the district court judge must review de novo. Such a referral therefore ends up doubling the amount of judicial resources needed to resolve the summary judgment motion in question. For that reason, I no longer make § 636(b)(1)(B) referrals of summary judgment motions in patent cases to a magistrate judge.

The parties' consent is required for referrals of motions to a magistrate judge pursuant to § 636(c). Under that section, a magistrate judge "may conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in

the case, when specially designated to exercise such jurisdiction by the district court . . . ." Appeals of judgments entered by a magistrate judge pursuant to § 636(c) go directly to the Court of Appeals, and referrals of matters pursuant to § 636(c) therefore conserve this Court's limited and overtaxed resources.

If the parties wish to consent to a referral pursuant to § 636(c) of the summary judgment motion they wish to present, I will make the referral. I will not, however, agree to a referral that requires both a magistrate judge and a district court judge to expend time and effort addressing the merits of a summary judgment motion.

NOW THEREFORE, at Wilmington on this Twenty-third day of November in 2021, the parties' joint request for leave to present an early summary judgment motion (D.I. 64) is DENIED.

_____
Chief Judge