

February 18, 2022

**VIA E-FILING**
The Honorable Richard G. Andrews
J. Caleb Boggs Federal Building
844 N. King Street
Unit 9, Room 6325
Wilmington, DE 19801

> RE:   *Fundamental Innovation Sys. Int'l LLC v. Lenovo (United States), Inc., et al.*,
>           C.A. No. 20-551-RGA-CJB
>          *Fundamental  Innovation Sys. Int'l LLC v. TCT Mobile (US) Inc., et al.*,
>           <u>C.A. No. 20-552-RGA-CJB</u>

Dear Judge Andrews:

Pursuant to the Court's Oral Order dated February 4, 2022 (D.I. 154), the parties in the above-referenced matters write jointly to report on their efforts to narrow the asserted claims and the asserted prior art.

The parties have agreed to a schedule for narrowing claims and prior art and largely agreed on the extent of that narrowing. However, the parties have one dispute concerning the number of prior art combinations that Defendants may continue to assert for arguing obviousness under 35 U.S.C. § 103. The parties' proposed order, including identification of the remaining dispute, is attached as Exhibit A.

**Fundamental's position:**

Fundamental has proposed that Defendants be limited to no more than 96 prior art combinations in the first narrowing and 32 combinations in the second, with a "prior art combination" being defined as "a combination of two or more prior art references per claim."[1] Fundamental's proposal, applying its definition of a "prior art combination," would fairly limit Defendants to an average of 3 combinations per claim in the first round, and 2 combinations per claim in the second round. In contrast, Defendants propose 40 prior art combinations with a maximum of 12 combinations per patent, with a "prior art combination" of two or more references constituting a "single combination against the limit regardless of whether the combination is used to argue obviousness for one claim or multiple claims."

Fundamental's proposal is consistent with similar orders entered in this District and will help to focus this case down from the potentially hundreds of different prior art combinations

---

[1]   Defendants' invalidity contentions comprise over 180 claim charts against 8 of Fundamental's patents, and further include another 194 charts prepared by a third party in prior litigation with Fundamental, which are incorporated wholesale into Defendants' contentions. Each of those charts includes several combinations in the alternative, potentially totaling thousands of combinations.

current encompassed by Defendants' invalidity contentions.  For example, in *PureWick Corp. v. Sage Products LLC*, C.A. No. 19-1508-MN, D.I. 89, 87-1 (D. Del. Oct. 28, 2020) (Exhibit B), the Court entered an order with an initial narrowing to 32 claims, 35 prior art references, and 130 obviousness combinations before *Markman*, and a second narrowing to 16 claims, 20 prior art references, and 48 obviousness combinations after expert reports.  *PureWick*'s narrowing order limited the defendant to an average of 1.1 references and approximately 4 combinations per claim in the first round, and 3 combinations per claim in the second.

Fundamental uses the same definition of "prior art combination" that was adopted in *PureWick*—i.e., a combination of two or more prior art references ***per claim***.  That language comes directly from Judge Stark's order in *Greatbatch Ltd. v. AVX Corp.*, C.A. No. 13-723-LPS (D. Del. July 28, 2015) (Exhibit C), in which Judge Stark ordered a round of narrowing to 15 claims and 20 prior art references in 60 combinations using that definition (4 prior art combinations per claim).

Fundamental's proposal is also in line with other cases even where "prior art combinations" were not considered separately per claim.  In *Intuitive Surgical, Inc. v. Auris Health, Inc.*, C.A. No. 18-1359-MN, D.I. 62 (D. Del. Apr. 4, 2019) (Exhibit D, Sec. 15), the parties were limited to 32 claims and 70 references in the first round of narrowing (2.2 references per claim), and 20 claims and 40 references for the second round (2 combinations per claim), with "each obviousness combination count[ing] as a separate prior art reference."  Similarly, in *VLSI Tech. LLC v. Intel Corp.*, C.A. No. 18-966-CFC, D.I. 136 (D. Del. Apr. 22, 2019) (Exhibit E), the court ordered a first round of narrowing of 25 claims and "no more than 80 combinations of prior art references," and a second round of 18 claims and 30 combinations—an average of 3.2 combinations per claim in the first round and 1.67 combinations per claim in the second round.

Fundamental respectfully requests that the Court adopt its proposal set forth in Exhibit A.

**Defendants' position:**

The parties have agreed on the total number of prior art references that Defendants may rely upon—24 references at the outset of expert discovery (for 32 asserted claims) and 16 references after claim construction (for 16 asserted claims).  However, the parties disagree on the number of prior art combinations that should be permitted.

Defendants propose a limit of 40 prior art combinations, including a maximum of 12 combinations per patent, at the outset of expert discovery, which will be further reduced to a total of 20 prior art combinations and only 6 combinations per patent after claim construction.  These limits mirror those in the Model Order Focusing Patent Claims and Prior Art to Reduce Costs ("Model Order") that has been adopted in the Eastern District of Texas. Ex. F.  Defendants also propose that each "combination" of prior art counts as one reference or combination, regardless of whether the combination is asserted against one patent claim or multiple patent claims.  This approach is consistent both with the approach taken by this Court in prior cases and the Model Order.

Plaintiff's overly restrictive proposal would effectively limit Defendants to <u>three</u> prior art combinations per claim at expert discovery (96 combinations / 32 claims = 3 combinations per claim) and <u>two</u> prior art combinations per claim at trial (32 combinations / 16 claims = 2 combinations per claim).  For example, under plaintiff's approach, if a single combination of two

2

prior art references is asserted against all 16 asserted claims (after claim construction), that single combination would count as 16 "prior art combinations"—half of Plaintiff's proposed limit of 32 combinations.

Plaintiff's methodology for counting "combinations" is infrequently used and is unduly restrictive. This Court's orders in other cases have sometimes limited the number of prior art "grounds" or combinations that can be asserted by defendants, but each "ground" is allowed to be asserted against multiple claims. *See, e.g., RSB Spine, LLC v. DePuy Synthes Sale, Inc.,* Case No. 1:19-cv-01515-RGA, Dkt. 134 (joint letter dated December 22, 2021) (both parties agreeing that a "ground" could be asserted against multiple claims), Dkt. 136 (Order dated January 3, 2022 adopting parties' approach); *Express Mobile, Inc. v. GoDaddy.com, LLC,* Case No. 1:19-cv-01937-RGA, Dkt. 153 (November 5, 2021) (restricting defendants to 25 prior art grounds across all asserted patents, and further defining each "prior art ground" as "any distinct ground of anticipation or obviousness asserted against <u>one or more claims</u> of the Asserted Patents"); *Shopify Inc. v. Express Mobile, Inc.,* Case No. 19-439-RGA, Dkt. 134 (June 17, 2020) (requiring that defendants narrow their "prior art grounds" to 24 grounds across all of the Asserted Patents, where each "prior art ground" was defined as "any distinct ground of anticipation or obviousness asserted against <u>one or more claims</u> of the Asserted Patents").

In *Pragmatus Telecom LLC v. AT&T Inc.,* Case No. 12-1533-RGA, at the hearing on June 26, 2014, the Court addressed this precise counting issue and applied the prior art limits in the same manner proposed by Defendants here:

> "THE COURT: Well, so what I was saying was that for patent one, you've got five references. For patent two, you've got five. They can be the same five as for patent one, or they can be different ones …
>
> So if you've got—because I don't know how related these patents are—if you've got five really good references that kind of preempt the field, then **you can use them over and over again**, and you've got five."

Ex. G (Transcript, June 26, 2014). Moreover, in the orders reviewed by Defendants from other litigations before this Court, in instances when there has been a restriction on the number of prior art "grounds" that can be asserted per patent claim, the number of "grounds" is typically no fewer than five grounds, as in *Pragmatus,* which is closer to the six grounds per patent proposed by Defendants than the 2 or 3 grounds per claim effectively proposed by Plaintiff. *See also, e.g., Ferring Pharmaceuticals Inc. v. Lupin Inc.,* Case No. 19-913-RGA, Dkt. 122 (October 21, 2020) (directing defendants to "reduce the number of potential obvious combinations … to no more than five per each of the remaining twelve asserted claims").

Accordingly, Defendants respectfully request that the Court adopt their proposed limits on the number of prior art combinations that may be asserted, and count a single prior art combination that is applied to multiple claims as a single combination, as the Court has most typically done.

3

Respectfully submitted,

/s/ Brian E. Farnan

Brian E. Farnan

cc: Counsel of Record (Via E-Filing)