# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| FUNDAMENTAL INNOVATION SYSTEMS INTERNATIONAL LLC,<br><br>*Plaintiff*,<br><br>vs.<br><br>LENOVO (UNITED STATES), INC.; LENOVO HOLDING COMPANY INC.; LENOVO GROUP LTD., and MOTOROLA MOBILITY LLC,<br><br>*Defendants*. | C.A. No. 20-551-RGA |
| FUNDAMENTAL INNOVATION SYSTEMS INTERNATIONAL LLC,<br><br>*Plaintiff*,<br><br>vs.<br><br>TCT MOBILE (US), INC.; TCT MOBILE (US) HOLDINGS, INC.; HUIZHOU TCL MOBILE COMMUNICATION CO. LTD.; and TCL COMMUNICATION, INC.,<br><br>*Defendants*. | C.A. No. 20-552-RGA |

**PROPOSED ORDER FOR CLAIM AND PRIOR ART NARROWING**

Pursuant to the Court's February 4, 2022 Oral Order (D.I. 130), Plaintiff Fundamental Innovation Systems Int'l ("Plaintiff") and Defendants Lenovo (United States), Inc., Lenovo Group Ltd., Motorola Mobility LLC, TCT Mobile (US), Inc., TCT Mobile (US) Holdings, Inc., Huizhou TCL Mobile Communications Co. Ltd, and TCL Communication, Inc. ("Defendants") propose the following schedule for narrowing the asserted claims and prior art:

1. On or before February 18, 2022, Plaintiff shall narrow the number of asserted claims to no more than 32 asserted claims in each case. Plaintiff may select these claims from

any of the asserted patents, there is no per-patent limit, and the claims asserted in each case need not be the same.

2. On or before March 8, 2022, the Defendants in each case shall narrow the number of prior art references to no more than 24 total prior art references for all asserted claims [**Plaintiff's Proposal:**  and no more than 96 prior art combinations that may be used for arguing obviousness.  A "prior art combination" shall be understood to be a combination of two or more prior art references per claim.  Thus, for example, if two prior art references are combined to argue obviousness for three different claims, this would count as three prior art combinations (even though each combination consists of the same two references).  In addition, combinations that are listed as "and/or" alternatives (for example, "A and/or B and/or C") shall constitute as many combinations as can be formed based on what is stated.  There is no per-patent limit on the number of prior art combinations or prior art references].  [**Defendants' Proposal:** and no more than 40 prior art combinations, including a maximum of 12 combinations per patent, that may be used for arguing obviousness.  A "prior art combination" shall be understood to be a combination of two or more prior art references, and it constitutes a single combination against the limit regardless of whether the combination is used to argue obviousness for one claim or multiple claims.  There is no per-patent limit on the number of prior art references.]

3. Within 2 weeks after the Court's entry of a claim construction order, Plaintiff shall further narrow the number of asserted claims to no more than 16 asserted claims in each case.  Plaintiff may select these claims from any of the asserted patents, there is no per-patent limit, and the claims asserted in each case need not be the same.

4. Within 4 weeks after the Court's entry of a claim construction order, the Defendants in each case shall narrow the number of prior art references to no more than 16 total references [**Plaintiff's Proposal:** and 32 prior art combinations that may be used for arguing obviousness, and shall identify those references and combinations to Plaintiff. There is no per-patent limit on the number of prior art combinations or prior art references.] [**Defendants' Proposal:** and no more than 20 prior art combinations, including a maximum of 6 combinations per patent, that may be used for arguing obviousness. There is no per-patent limit on the number of prior art references.]

5. The parties will only be permitted to modify their elections made pursuant to this Order for good cause.