# EXHIBIT B

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**

***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.

## U.S. District Court

### District of Delaware

**Notice of Electronic Filing**

The following transaction was entered on 10/28/2020 at 9:32 AM EDT and filed on 10/28/2020

| | |
|---|---|
| **Case Name:** | PureWick Corporation v. Sage Products, LLC |
| **Case Number:** | 1:19-cv-01508-MN |
| **Filer:** | |
| **Document Number:** | 89(No document attached) |

**Docket Text:**
ORAL ORDER re [87] Letter, [88] Letter - Having reviewed the parties' submissions (D.I. 87, 88), the Court adopts PureWick's proposal for limiting claims and prior art, with the caveat that Plaintiff may add or change claims and Defendant may add or change prior art references or combinations upon a showing of good cause. ORDERED by Judge Maryellen Noreika on 10/28/2020. (dlw)

**1:19-cv-01508-MN Notice has been electronically mailed to:**

John W. Shaw     jshaw@shawkeller.com, cal@shawkeller.com

Anne Shea Gaza     agaza@ycst.com, corpcal@ycst.com, corporate@ycst.com

Karen Elizabeth Keller     kkeller@shawkeller.com, cal@shawkeller.com

Steven C. Cherny     stevencherny@quinnemanuel.com

Sandra A. Frantzen     sfrantzen@mcandrews-ip.com, avondermehden@mcandrews-ip.com

Brian P. Biddinger     brianbiddinger@quinnemanuel.com, brian-biddinger-1727@ecf.pacerpro.com

Amanda K. Antons     amandaantons@quinnemanuel.com, amanda-antons-5543@ecf.pacerpro.com

Samantha G. Wilson     swilson@ycst.com, corpcal@ycst.com, corporate@ycst.com

Matthew A. Traupman     matthewtraupman@quinnemanuel.com, matt-traupman-2515@ecf.pacerpro.com

Bryce R. Persichetti     bpersichetti@mcandrews-ip.com

Christopher M. Scharff     cscharff@mcandrews-ip.com

**1:19-cv-01508-MN Filer will deliver document by other means to:**



John W. Shaw
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
(302) 298-0701 – Direct
jshaw@shawkeller.com

**BY HAND DELIVERY & CM/ECF**      October 27, 2020

The Honorable Maryellen Noreika
United States District Court for the District of Delaware
844 North King Street
Wilmington, DE 19801

   Re: *PureWick Corp. v. Sage Products LLC*, C.A. No. 19-1508-MN

Dear Judge Noreika,

  In accordance with the Court's oral Order (D.I. 84), Plaintiff PureWick Corp. ("PureWick") submits as Exhibit A a proposed schedule for narrowing asserted claims and prior art. The parties exchanged proposed schedules and met and conferred by phone, but were unable to reach agreement. At the request of Defendants' counsel, the parties are submitting separate proposals.

  PureWick asserts infringement of four patents, and has proposed a two-phased schedule for narrowing the asserted claims and prior art. No narrowing has occurred to date. It provides for an initial narrowing to 32 asserted claims, 35 prior art references, and 130 obviousness combinations over the next two months (before the *Markman* hearing), and a second narrowing to 16 asserted claims, 20 prior art references, and 48 obviousness combinations after the exchange of expert reports but before dispositive motions. This schedule will begin to narrow the case now so that the parties can more efficiently direct their remaining efforts in fact and expert discovery, and then further narrow the case after discovery in order to reduce the number of disputes that may be presented in dispositive motions and the issues for trial.

  PureWick's schedule is consist with similar orders entered in this district. For example, in *Intuitive Surgical, Inc. v. Auris Health, Inc.*, C.A. No. 18-1359-MN, D.I. 62 (D. Del. Apr. 4, 2019) (Exhibit B at Section 15), an eight patent case, the Court ordered that claims and prior art be narrowed as follows:

| Within 7 days of joint claim chart | 32 asserted claims; 70 prior art references[1] |
|---|---|
| With final contentions | 20 asserted claims; 40 prior art references |

  Similarly, in *MQ Gaming, LLC v. Lego Systems, Inc.*, C.A. No. 19-905-MN, D.I. 33 (D. Del. Jan. 23, 2020) (Exhibit C at Sections 7(g) and (h)), a 17-patent case, the Court entered the following schedule for case narrowing:

| Within 7 days of joint claim chart | 40 asserted claims; 80 prior art references with no more than 240 prior art arguments total |
|---|---|
| With final contentions | 20 asserted claims; 20 prior art references with no more than 60 prior art arguments total |

---

[1] Each obviousness combination counted as a separate prior art reference.

SHAW KELLER LLP
Page 2

      PureWick's schedule is in line with the above schedules, both in terms of the extent of the narrowing and the timing.

      PureWick's proposed definition of how to count prior art combinations – *i.e.*, a "prior art combination" is a combination of two or more prior art references **per claim** – is also consistent with prior orders in this district. The language comes directly from Judge Stark's order in *Greatbatch Ltd. v. AVX Corp.*, C.A. No. 13-723-LPS (D. Del. July 28, 2015) (Exhibit D), and was also adopted as part of the Court's order in *MQ Gaming*, C.A. No. 19-905-MN, D.I. 33, n. 1 (D. Del. Jan. 23, 2020).

      Sage initially proposed that the parties simply agree to meet and confer about narrowing after the close of expert discovery. *See* Exhibit E. Sage now proposes to defer case narrowing until after the close of fact discovery and places no limit on the number of obviousness combinations that Sage can rely on, while imposing a far more significant reduction in asserted claims

      PureWick respectfully requests that the Court adopt PureWick's proposed schedule attached as Exhibit A.

                                            Respectfully submitted,

                                            */s/ John W. Shaw*

                                            John W. Shaw (No. 3362)

cc: Clerk of the Court (by Hand Delivery)
    All counsel of record (by CM/ECF and email)